IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:17-cv-00444-PX |
| ROGER R. BLUNT, | * | |
| Defendant. | * | |

***

## MEMORANDUM OPINION

Pending before the Court is Plaintiff United States' renewed motion for summary judgment (ECF No. 53) and a second motion to withdraw as attorney by counsel for Defendant Roger R. Blunt. ECF No. 61. The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, both motions are GRANTED.

### I. United States' Motion for Summary Judgment

This case arises from Blunt's failure to pay income taxes for the 2011, 2012, and 2013 tax years. Initially, the Treasury Department assessed against Blunt $1,182,321.72 in federal income tax (Form 1040) liabilities, and related penalties and interest (collectively "the Assessments"). ECF No. 1 ¶ 6. In accordance with 26 U.S.C. § 6303, Treasury notified Blunt of the Assessments and demanded payment. *Id.* ¶ 7. Since such time, statutory interest and penalties continued to accrue. *Id.* ¶ 9.

On February 16, 2017, the United States initiated this civil enforcement action to reduce to judgment the Assessments against Blunt, and thereafter moved for summary judgment in its favor on April 12, 2017. ECF No. 1, 10. On April 17, 2017, the Internal Revenue Service ("IRS") adjusted downward the amount Blunt owed the United States. ECF No. 15-2 ¶¶ 9–10; ECF Nos. 12, 12-1, 15. A revenue officer with the IRS found that after accounting for such

adjustments, as well as penalties and interest, Blunt owed the United States $1,082,849.69. ECF No. 15-2 ¶¶ 14–10. The United States consequently updated the amount it demanded from Blunt in this enforcement action. ECF No. 15 at 5.

Blunt objected and sought discovery on the proper amounts owed. The Court accordingly denied the United States' summary judgment motion without prejudice and allowed Blunt's requested discovery to proceed. ECF Nos. 22, 23. The Court subsequently extended discovery deadlines on multiple occasions well into 2019, all to accommodate Blunt. ECF Nos. 40, 43, 44, 48.

On June 6, 2019, the United States renewed its motion for summary judgment, requesting that the Court reduce to judgment the Assessment of $1,082,849.69. ECF No. 53. Blunt responded that he is "unable to provide this Court with any fresh evidence to create a genuine issue of material fact to oppose Plaintiff's renewed motion for summary judgment." ECF No. 60.

Summary judgment is appropriate when the court, viewing the evidence in the light most favorable to the non-moving party, finds no genuine disputed issue of material fact, entitling the movant to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)).

Blunt concedes that he has not produced any evidence to dispute that he owes $1,082,849.69 in unpaid taxes, calculated through May 22, 2017. ECF No. 60. The United

States, by contrast, submits sufficient evidence to demonstrate that Blunt remains indebted to the United States in that amount. ECF Nos. 7-3, 7-4, 15-2, 15-3, 15-4. Thus, viewing the evidence most favorably to Blunt, summary judgment is granted in the United States' favor. The Court imposes judgment in the amount of $1,082,849.69 in unpaid taxes, calculated through May 22, 2017, plus all statutory interest, penalties, and costs, less credits and payments, if any, that accrued and will continue to accrue thereafter pursuant to 26 U.S.C. §§ 6601, 6621(a)(2) and 26 C.F.R. 301.6621-1, and 28 U.S.C. § 1961(c) until the balance is paid in full.

### III.    Renewed Motion to Withdraw

Counsel for Blunt initially moved to withdraw from representation prior to responding to the United Sates' motion for summary judgment. ECF No. 54. The Court denied the motion, finding that withdrawal during the pendency of renewed summary judgment motion risked unfair delay and disruption of the case already significantly delayed at Blunt's request. The Court made clear, however, that counsel would be free to renew his motion once United States' summary judgment motion is resolved.

Counsel has renewed his motion. ECF No. 61. Because the Court grants summary judgment in the Government's favor, thus concluding the case on its merits, the Court finds counsel's withdrawal no longer problematic. The Court, therefore, grants counsel's renewed motion.

## IV. Conclusion

For the foregoing reasons, the Court grants the motion for summary judgment (ECF No. 53) and grants the motion to withdraw as attorney (ECF No. 61). A separate order follows.

<u>8/13/2019</u>  <u>        /S/        </u>
Date  Paula Xinis
United States District Judge